IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Carl Schwirzinski, | Case No. 3:15 CV 214 |
|     Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Jason Bunting, | |
|     Respondent. | |

### INTRODUCTION

Carl Schwirzinski, a state prisoner, filed a Petition for Writ of Habeas Corpus asserting five grounds for relief (Doc. 1). The case was referred to Magistrate Judge Kathleen Burke for a Report and Recommendation ("R&R"). Judge Burke recommended this Court dismiss the Petition as time-barred (Doc. 13), and Schwirzinski timely objected (Doc. 17). Accordingly, this Court has reviewed the R&R's conclusions *de novo*. *See* 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213 (6th Cir. 1981). For the reasons below, this Court adopts the R&R and dismisses the Petition.

### BACKGROUND

As Schwirzinski does not object to the procedural history and facts set forth in the R&R (Doc. 13 at 2–9), this Court incorporates them by reference and briefly sets forth the timeline of his state appeals.

An Ohio jury convicted Schwirzinski of rape of a victim under age ten and two counts of gross sexual imposition of a victim under age thirteen. Schwirzinski appealed his conviction first to the

Ohio Court of Appeals, and later to the Ohio Supreme Court. The Ohio Supreme Court ultimately dismissed his appeal on March 16, 2011 (*id.* at 4–5).

In March 2010, while his direct appeal was still pending, Schwirzinski filed a petition for post-conviction relief in state trial court. The trial court granted summary judgment to the state, and Schwirzinski appealed. The Ohio Court of Appeals ultimately affirmed the trial court's judgment on August 10, 2012. Schwirzinski did not appeal that decision (*id.* at 5–6).

Instead, over a year later, Schwirzinski applied to reopen his appeal under Ohio Appellate Rule 26(B). The Court of Appeals denied his application as "untimely and without good cause for delay" (*id.* at 7) (quoting Doc. 5-3 at 94). He appealed to the Ohio Supreme Court, which declined jurisdiction on January 22, 2014, bringing an end to Schwirzinski's odyssey through Ohio's court system. Nearly a year later, on January 17, 2015, Schwirzinski filed this Petition.

## DISCUSSION

The R&R correctly found Schwirzinski's Petition barred by 28 U.S.C. § 2244(a)(1)'s one-year statute of limitations. That limitations period is tolled for any time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)). But the tolling provision cannot "revive the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotation marks and citation omitted).

Schwirzinski's convictions became final on June 14, 2011, ninety days after the Ohio Supreme Court denied review of his direct appeal. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007). His then-pending petition for post-conviction relief tolled the limitations period until the Ohio Court of

Appeals affirmed the trial court's judgment on August 10, 2012. *Jurado*, 337 F.3d at 640. But because Schwirzinski did not appeal that decision, the limitations clock started ticking the next day and ultimately ran out on August 11, 2013. *See Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Ross v. McKee*, 465 F. App'x 469, 472–73 (6th Cir. 2012). In other words, Schwirzinski's Petition is a year and a half late.

As the R&R explains, Schwirzinski's later application to reopen his appeal does nothing to change the math for two reasons. First, it was filed after the federal limitations period had expired. And second, the Ohio Court of Appeals denied the application as untimely under state law. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's [post-conviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."). The application to reopen did not pause -- and cannot reset -- the "fully run" limitations clock. *See Vroman*, 346 F.3d at 602.

In his Objection, Schwirzinski resists this conclusion by explaining that he is confined to a wheelchair and proceeding *pro se*. He also notes his attorney failed to file a timely notice of appeal in the Ohio Supreme Court after his petition for post-conviction relief was denied. While regrettable, none of these obstacles excuse Schwirzinski's failure to file in federal court for nearly a year and a half following counsel's error.

Finally, Schwirzinski has not shown he is entitled to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) ("[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (internal quotation marks omitted)). The R&R correctly found Schwirzinski was not diligent in pursuing his rights and presented no new evidence to support his claim of actual innocence. Schwirzinski's Objection offers no reason to depart from this conclusion.

3

**CONCLUSION**

For the foregoing reasons, this Court overrules Schwirzinski's Objection (Doc. 17) and adopts the R&R (Doc. 13). This Court dismisses Schwirzinski's Petition. Further, this Court certifies an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

        s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 27, 2015